IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Srpska Tradicija, Ltd., | ) | |
| | ) | |
|    Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| Nostalgija Corporation, | ) | FILED: MAY 14, 2008 |
| | ) | 08CV2798   J.N. |
| Dusan Trandafirovic, | ) | JUDGE ANDERSEN |
| | ) | MAG. JUDGE COLE |
| Voislav Trandafirovic, | ) | |
| | ) | Judge |
| Mile Miljanovic, | ) | |
| Snezana Miljanovic, individually and | ) | Magistrate Judge |
| d/b/a Nostalgia, | ) | |
| | ) | |
| Rasim Silahic, individually and | ) | |
| d/b/a Bosna Video, | ) | |
| | ) | |
| Nihad Nezic, | ) | |
| Aleksandra Nezic, individually and | ) | |
| d/b/a Lincoln Square Video, | ) | |
| | ) | |
| Goran Gligorevic, | ) | |
| Dragana Gligorevic, individually and | ) | |
| d/b/a Prodavnica Mjesovite Robe, | ) | |
| | ) | |
| Zoran Jancic, individually and | ) | |
| d/b/a Prodavnica Grocery Store, | ) | |
| | ) | |
| Sava Liquor and Deli Incorporated, | ) | |
| | ) | |
| Nikola Rakic, | ) | |
| | ) | |
| V.A.M.D., Inc., individually and | ) | |
| d/b/a Harczak's Sausage | ) | |
| | ) | |
| Vidan Lazic, | ) | |
| | ) | |
|    Defendants. | ) | Jury Trial Demanded |

1

## **COMPLAINT**

Plaintiff Srpska Tradicija, Ltd., by and through its attorneys, complains of Defendants Nostalgija Corporation, Dusan Trandafirovic, Voislav Trandafirovic, Mile Miljanovic and Snezana Miljanovic, individually and d/b/a Nostalgia, Rasim Silahic, individually and d/b/a Bosna Video, Nihad Nezic and Aleksandra Nezic, individually and d/b/a Lincoln Square Video, Goran Gligorevic and Dragana Gligorevic, individually and d/b/a Prodavnica Mjesovite Robe, Zoran Jancic, individually and d/b/a Prodavnica Grocery Store, Sava Liquor and Deli Incorporated, Nikola Rakic, V.A.M.D., Inc., individually and d/b/a Harczak's Sausage, and Vidan Lazic, and in support thereof alleges as follows:

### **Nature of Action**

1.      This is a Complaint for unfair competition in violation of the Lanham Act under 15 U.S.C. § 1125, and violations of the Illinois Uniform Deceptive Trade Practices Act, the Illinois Consumer Fraud and Deceptive Trade Practices Act, and Illinois common law unfair competition.

### **The Parties**

2.      Plaintiff Srpska Tradicija, Ltd. (hereinafter "STL") is a corporation organized under the laws of Illinois with its principal place of business located at 3615 W. Lawrence Avenue, Chicago, Illinois.  Plaintiff operates a store known as "Serbian Tradition" or "Srpska Tradicija", and is in the business of wholesale audio/video sales to third party distributors/resellers and retail audio/video sales to retail purchasers, such

audio/video products including CDs, DVDs, audio cassettes, and other media products having Serbian, Croatian, Bosnian, and Macedonian (and other territories of the former Yugoslavia) audio-video programming thereon.

3.      Upon information and belief, Defendant Nostalgija Corporation (hereinafter "Nostaligija") is a corporation organized under the laws of Illinois with its principal place of business located at 4778 N. Elston Avenue, Chicago, Illinois.  Upon information and belief, Nostaligija is qualified to transact business, and is currently transacting business, in Illinois and in this district.

4.      Upon information and belief, Defendants Dusan Trandafirovic and Voislav Trandafirovic (hereinafter "DT" and "VT," respectively) are officers and directors of Nostalgija who reside at 1851 N. Hoyne Ave, Chicago Illinois.  At all times relevant hereto, DT and VT did authorize, direct, participate in, and were moving forces behind the acts of Nostalgija constituting unfair competition, deceptive trade practices and infringement as described herein.

5.      Upon information and belief, Defendants Mile Miljanovic and Snezana Miljanovic (hereinafter "MM" and "SM," respectively) are owners and operators of a store known as Nostalgia, which is a sole proprietorship with its principal place of business located at 4778 N. Elston Avenue, Chicago, Illinois.  Upon information and belief, MM, SM, and Nostalgia are currently transacting business in Illinois and in this district.  Upon information and belief, MM and SN purchased portions of the Nostalgia business from DT, VT, and Nostalgia Corporation.

6.      Upon information and belief, Defendant Rasim Silahic (hereinafter "RS") is owner and operator of a store known as Bosna Video, which is a sole proprietorship

3

with its principal place of business located at 2501 W. Lawrence Avenue, Chicago, Illinois. Upon information and belief, RS is currently transacting business in Illinois and in this district.

7. Upon information and belief, Defendants Nihad Nezic and Aleksandra Nezic (hereinafter "NN" and "AN," respectively) are owners and operators of a store known as Lincoln Square Video, which is a sole proprietorship with its principal place of business located at 4725 N. Lincoln Avenue, Chicago, Illinois. Upon information and belief, NN, AN and Lincoln Square Video are currently transacting business in Illinois and in this district.

8. Upon information and belief, Defendants Goran Gligorevic and Dragana Gligorevic (hereinafter "GG" and "DG," respectively) are owners and operators of a store known as Prodavnica Mjesovite Robe, which is a sole proprietorship with its principal place of business located at 152 N. Gary Avenue, Carol Stream, Illinois. Upon information and belief, GG, DG and Prodavnica Mjesovite Robe are currently transacting business in Illinois and in this district.

9. Upon information and belief, Defendant Zoran Jancic (hereinafter "ZJ") is owner and operator of a store known as Prodavnica Grocery Store, which is a sole proprietorship with its principal place of business located at 3443 Main Street, Rockford, Illinois. Upon information and belief, ZJ and Prodavnica Grocery Store are currently transacting business in Illinois and in this district.

10. Upon information and belief, Defendant Sava Liquor and Deli Incorporated (hereinafter "Sava Liquor") is a corporation organized under the laws of Illinois with its principal place of business located at 6246 W. 26th Street, Berwyn, Illinois. Upon

information and belief, Sava Liquor is qualified to transact business, and is currently transacting business, in Illinois and in this district.

11. Upon information and belief, Defendant Nikola Rakic (hereinafter "NR") is an officer and director of Sava Liquor who resides at 1233 Aspen Lane, Addison, Illinois. At all times relevant hereto, NR did authorize, direct, participate in, and was a moving force behind the acts of Sava Liquor constituting unfair competition, deceptive trade practices and infringement as described herein.

12. Upon information and belief, Defendant V.A.M.D., Inc. is a corporation organized under the laws of Illinois with its principal place of business located at 7035 W. Higgins Road, Chicago, Illinois. V.A.M.D., Inc. operates under the assumed name Harczak's Sausage. Upon information and belief, V.A.M.D., Inc. is qualified to transact business, and is currently transacting business, in Illinois and in this district.

13. Upon information and belief, Defendant Vidan Lazic (hereinafter "VL") is an officer and director of V.A.M.D., Inc. who resides at 4814 N. Ridgeway, 2nd Floor, Chicago, Illinois. At all times relevant hereto, VL did authorize, direct, participate in, and was a moving force behind the acts of V.A.M.D., Inc. constituting unfair competition, deceptive trade practices and infringement as described herein.

**Jurisdiction and Venue**

14. This Court has exclusive subject matter jurisdiction over Plaintiff's federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b). This Court has jurisdiction over Plaintiff's related common law and state claims under 28 U.S.C. § 1338 and the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367.

15. Upon information and belief, all of the Defendants are and have in the past conducted business in Illinois, and in this Judicial District as discussed in more detail herein. All of the Defendants maintain an office and regularly transacts business in Illinois and in this district. Requiring Defendants to respond to this action will not violate due process. Defendants are subject to the personal jurisdiction of this Court and are amenable to service of process pursuant to the Illinois long-arm statute, 735 ILCS 5/2-209, and Rules 4(e) and 4(h) of the Federal Rules of Civil Procedure.

16. Venue is proper in this judicial district under 28 U.S.C. § 1400(a) and 28 U.S.C. §1391(b) and (c).

**Plaintiff's Products**

17. Plaintiff re-alleges paragraphs 1 – 16 as if fully stated herein.

18. Plaintiff is, and at all relevant times was, engaged in selling and distributing audio and video products in the form of CDs, DVDs, cassettes and other media products (collectively "media products"). Among the media products Plaintiff sells and distributes are products recorded, produced and imported by the following companies and entities, which are hereinafter collectively referred to as "the Media Producers":

    a. RTS-PGP (Radio Television of Serbia)
       Kneza Viseslava No. 86
       Belgrade
       Serbia

    b. CITY RECORDS
       Neznanog junaka 1,
       Belgrade, Serbia

6

    c. RENOME
       Loznicka 5
       Bijeljina
       Bosnia and Hercegovina

    d. NP-MUSIC
       UL.DR.FETAHA BECIRBEGOVICA 25
       Sarajevo
       Bosnia and Hercegovina

    e. HI-FI CENTAR DOO
       Laze Dokica 1
       Belgrade
       Serbia

    f. NINA TRADE
       Gornjopoljska 2
       Surcin, Belgrade 11271
       Serbia

19. All of the above listed Media Producers are recording and media companies located in Serbia, Bosnia, and the former Yugoslavia.

20. Plaintiff has contracted with each of the Media Producers to be the exclusive authorized distributor in the United States and Canada of media products imported by the Media Producers. Plaintiff has entered into Distribution Agreements with each of the Media Producers, has received the right to enforce and police unauthorized distributions thereunder within the United States, and has expended monies in obtaining and maintaining such exclusive rights.

**Defendants' Activities**

21. Plaintiff re-alleges paragraphs 1 – 20 as if fully stated herein.

22. Upon information and belief, each of the Defendants, and their respective officers, employees and agents, have in the past and presently continue to sell, offer for

sale, distribute, and market counterfeit media products which resemble (but are not) the authentic media products of the Media Producers distributed by Plaintiff under exclusive license. Upon information and belief, each of the Defendants manufactures, copies, or employs third parties to manufacture or copy such counterfeit media products, with the specific intent, knowledge and effort that such counterfeit media products resemble the authentic media products distributed by Plaintiff.

23. The counterfeit media products sold by Defendants include media products copied on inferior quality media (CDs, DVDs, and cassettes) and bear inferior quality counterfeit labels, packaging, and indicia improperly and illegally associating the counterfeit media products with Plaintiff and the Media Producers, when such products are in fact not so associated.

24. Upon information and belief, each of the Defendants' counterfeiting activities is and was knowing and willful, and performed with a conscious disregard of Plaintiff's rights.

25. Each Defendants' copying and counterfeiting activities occurred after Plaintiff commenced its authorized sales of the authentic media products, and has continued despite notice from Plaintiff and repeated demands that such counterfeit activities cease and desist.

26. Neither Plaintiff nor any of the Media Producers have ever authorized or condoned use, copying, imitation, or manufacture of the authentic media products.

27. Defendants' counterfeit media products are confusingly similar to Plaintiff's authentic media products and have created confusion, mistake and deception in the

market place as to the affiliation, connection or association of Defendants' goods with Plaintiff and the Media Producers.

### Count I:  Violation of Section 1125(a) of the Lanham Act

28. Plaintiff re-alleges paragraphs 1 – 27 as if fully stated herein.

29. Plaintiff hereby alleges that the acts attributable to the Defendants and described herein constitute federal unfair competition in violation of Section 1125(a) of the Lanham Act.  15 U.S.C. § 1125(a).

30. Defendants' sale, distribution, and offering for sale counterfeit media products constitutes a false designation of origin, description and representation in interstate commerce, in violation of Plaintiff's rights in distributing authentic media products.  Defendants' counterfeit media products wrongfully and falsely designate, describe or represent Plaintiff's goods, causing confusion, mistake and deception as to the affiliation, connection, or association of Defendants' counterfeit media products with Plaintiff and/or the Media Producers, or as to the sponsorship or approval of said goods by Plaintiff and/or the Media Producers.

### Count II:  Common Law Unfair Competition

31. Plaintiff re-alleges paragraphs 1 – 30 as if fully stated herein.

32. Plaintiff hereby alleges that the acts attributable to the Defendants and described herein constitute Illinois state common law unfair competition.

33. As a result of their actions as pleaded herein, Defendants have misappropriated valuable property rights of Plaintiff, are trading on the goodwill

symbolized by Plaintiff's authorized media products, are likely to cause and continue to cause confusion and to deceive members of the relevant public. By virtue of the aforementioned acts, Defendants engaged in unfair competition with respect to Plaintiff in violation of the common law of unfair competition of the State of Illinois.

### Count III:  Illinois Uniform Deceptive Trade Practices Act

34. Plaintiff re-alleges paragraphs 1 – 33 as if fully stated herein.

35. Plaintiff hereby alleges violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 et. seq.

36. Defendants' aforesaid business and counterfeiting activities cause a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, affiliation or connection of Defendants' counterfeit media products inasmuch as they give rise to the incorrect belief that Defendants' counterfeit media products have some connection with Plaintiff and/or the Media Producers, in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2.

### Count IV:  Illinois Consumer Fraud and Deceptive Trade Practices Act

37. Plaintiff re-alleges paragraphs 1 – 36 as if fully stated herein.

38. Plaintiff hereby alleges violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/1 et. seq.

39. The aforesaid conduct by Defendants implicates consumer protection concerns, including *inter* alia, by deceiving consumers and other members of the public,

including people who might otherwise consider doing business with and making purchases of authentic products from Plaintiff.

40. Such deceptive conduct constitutes violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

41. Pursuant to 815 ILCS 505/10a and /10c, Plaintiff is entitled to recover its actual damages as well as costs and attorneys' fees.

42. The conduct of Defendants complained of herein is outrageous and such acts, upon information and belief, were performed with malice, evil motive, or reckless indifference toward rights of Plaintiff, consumers, and others. As a direct result thereof, Plaintiff is entitled to an award of punitive damages pursuant to the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

43. Pursuant to 815 ILCS 510/3 Plaintiff is entitled to injunctive relief against Defendants to enjoin present and future deceptive conduct, as well as for an award of Plaintiff's costs and attorneys' fees.

44. Defendants' aforesaid business and counterfeiting activities cause a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, affiliation or connection of Defendants' counterfeit media products inasmuch as they give rise to the incorrect belief that Defendants' counterfeit media products have some connection with Plaintiff and/or the Media Producers, in violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/1.

**Prayer for Relief**

WHEREFORE, Plaintiff requests the following:

1. That the Defendants, and their respective officers, agents, servants, employees, attorneys, and all those in active concert or participation with them, be preliminarily and permanently enjoined from:

   A. directly or indirectly reproducing, manufacturing, displaying, advertising, promoting, selling or offering for sale, or otherwise distributing counterfeit media products or any other work or item that is substantially similar to Plaintiff's authentic media products;
   B. doing any other act or thing likely to induce the mistaken belief that Defendants' goods or services are in any way affiliated, connected, or associated with Plaintiff and/or the Media Producers, or their authentic media products, or doing any other act or thing likely to cause confusion or dilution with respect to Plaintiff's authentic media products; and
   C. unfairly competing with Plaintiff in any manner whatsoever.

2. That the Defendants be ordered to destroy all counterfeit media products in their possession, custody or control, and that Defendants recall from all of their distributors, suppliers, and agents all counterfeit media products in their possession, custody or control, and that such be destroyed.

3. That the US Marshal be ordered to seize and destroy all counterfeit media products in the possession, custody or control of the Defendants, or their distributors, suppliers and agents.

4. That Plaintiff be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including:

   A. all profits received by Defendants from sales and revenues of any kind in connection with the counterfeit media products;
   B. all damages sustained by Plaintiff as a result of Defendants' acts of unfair competition, deceptive trade practices and violation of the common law of Illinois and that such damages be trebled; and
   C. punitive damages in an amount sufficient to punish Defendants for their willful, wanton, and reckless behavior and to deter future such behavior by Defendants and others.

5.	That the Defendants be ordered to compensate Plaintiff in an amount that would enable it to conduct corrective advertising reasonably calculated to remedy any consumer confusion created as a result of Defendants' unlawful actions.

6.	That, pursuant to 15 U.S.C. § 1116, the Defendants be directed to file with the Court and serve upon Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

7.	That Plaintiff be awarded its attorneys fees and costs, and pre-judgment and post-judgment interest.

8.	That Plaintiff have such other and further relief as this Court may deem just.

### Jury Demand

Plaintiff demands a jury trial on all issues so triable.

Dated: May 14, 2008	Respectfully Submitted, on behalf of Plaintiff Srpska Tradicija, Ltd.


By: /s/ Vladimir I. Arezina
Vladimir I. Arezina,
One of Its Attorneys

Plaintiff's Attorneys:
Vladimir I. Arezina
Carmen B. Patti
Patti, Hewitt & Arezina LLC
One North LaSalle Street, Suite 4400
Chicago, IL 60602
Phone: 312-346-2800
Fax: 312-346-2810
varezina@phalegal.com