**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Srpska Tradicija. Ltd., | ) | |
| | ) | |
| Plaintiff, | ) | No.     08 CV 2798 |
| | ) | |
| v. | ) | Judge Anderson |
| Nostalgija Corporation, et al., | ) | |
| | ) | Magistrate Judge Cole |
| Defendants. | ) | |
| | ) | Jury Trial Demanded |

**VIDAN LAZIC'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, VIDAN LAZIC, by and through his attorneys, SWANSON, MARTIN & BELL, LLP, for his Answer to Plaintiff's Complaint, states as follows:

**Nature of Action**

1.     This is a Complaint for unfair competition in violation of the Lanham Act under 15 U.S.C. § 1125, and violations of the Illinois Uniform Deceptive Trade Practices Act, the Illinois Consumer Fraud and Deceptive Trade Practices Act, and Illinois common law unfair competition.

**Answer**:     Defendant denies the allegations contained in paragraph 1.

**The Parties**

2.     Plaintiff Srpska Tradicija, Ltd. (hereinafter "STL") is a corporation organized under the laws of Illinois with its principal place of business located at 3615 W. Lawrence Avenue, Chicago, Illinois.   Plaintiff operates a store known as "Serbian Tradition" or "Srpska Tradicija", and is in the business of wholesale audio/video sales to third party distributor resellers and retail audio/video sales to retail purchasers, such audio/video products including CDs, DVDs, audio cassettes, and other media products

having Serbian, Croatian. Bosnian, and Macedonian (and other territories of the former Yugoslavia) audio-video programming thereon.

**Answer**:     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 2.  Therefore, defendant denies paragraph 2 pursuant to Federal Rule of Civil Procedure 8(b)(5).

3.     Upon Information and belief, Defendant Nostalgija Corporation (hereinafter Nostaligija") is a corporation organized under the laws of Illinois with its principal place of business located at 4778  N. Elston Avenue, Chicago, Illinois. Upon information and belief, Nostaligija is qualified to transact business, and is currently transacting business, in Illinois and In this district.

**Answer**:     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 3.  Therefore, defendant denies paragraph 3 pursuant to Federal Rule of Civil Procedure 8(b)(5).

4.     Upon information and belief. Defendants, Dusan Trandafirovic and Voislav Trandafirovic (hereinafter "DT and "VT," respectively) are officers and directors of Nostalgija who reside at 1851 N. Hoyne Ave, Chicago Illinois. At all time relevant hereto, DT and VT did authorize, direct, participate in, and were moving forces behind the act of Nostalglja constituting unfair competition, deceptive trade practices and Infringement as described herein.

**Answer**:     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 4.  Therefore, defendant denies paragraph 4 pursuant to Federal Rule of Civil Procedure 8(b)(5).

5.     Upon information and belief, Defendants Mile Miljanovic and Snezana Mifjanovic (hereinafter -MM- and "SM," respectively) are owners and operators of a store known as Nostlgia which is a sole proprietorship with its principal place of business located at 4778 N. Elston Avenue, Chicago, Illinois. Upon information and belief MM, SM, and Nostalgia are currently transacting business in Illinois and in this district.  Upon information and belief, MM and SN purchased portions of the Nostalgia business from DT, VT, and Nostalgia Corporation.

**Answer**:     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 5.  Therefore, defendant denies paragraph 5 pursuant to Federal Rule of Civil Procedure 8(b)(5).

6.     Upon information and belief, Defendant Rasim Silahic (hereinafter "RS") is owner and operator of a store known as Bosna Video, which is a sole proprietorship with its principal place of business located at 2501 W. Lawrence Avenue, Chicago, Illinois. Upon information and belief, RS Is currently transacting business in Illinois and in this district.

**Answer**:     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 6.  Therefore, defendant denies paragraph 6 pursuant to Federal Rule of Civil Procedure 8(b)(5).

7.     Upon information and belief, Defendants Nihad Nezic and Aleksandra Nezic (hereinafter "NN" and "AN" respectively) are owners and operators of a store known as Lincoln Square Video, which is a sole proprietorship with it principal place of business located at 4725 N. Lincoln Avenue, Chicago, Illinois. Upon information and belief  NN, AN and Lincoln Square Video are currently transacting business in Illinois

and in this district.

**Answer**:        Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 7.  Therefore, defendant denies paragraph 7 pursuant to Federal Rule of Civil Procedure 8(b)(5).

8.        Upon information and belief, Defendants Goran Gligorevic and Dragana Gligorevic (hereinafter "GG" and "DG" respectively) are owners and operators of a store known as Prodavnica Mjesovite Robe, which is a sole proprietorship with its principal place of business located at 152 N. Gary Avenue Carol Stream, Illinois. Upon information and belief. GG, OG and Prodavnica Mjesovlte Robe are currently transacting business in Illinois and in this district.

**Answer**:        Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 8.  Therefore, defendant denies paragraph 8 pursuant to Federal Rule of Civil Procedure 8(b)(5).

9.        Upon information and belief, Defendant Zoran Jancic (hereinafter "ZJ") is the owner and operator of a store known as Prodavnica Grocery Store, which is a sole proprietorship with its principal place of business located at 3443 Main Street, Rockford, Illinois. Upon information and belief, ZJ and Prodavnica Grocery Store are currently transacting business in Illinois and in this district.

**Answer**:        Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 9.  Therefore, defendant denies paragraph 9 pursuant to Federal Rule of Civil Procedure 8(b)(5).

10.        Upon Information and belief, Defendant Sava Liquor and Deli Incorporated (hereinafter "Sava Liquor) is a corporation organized under the laws of

Illinois with its principal place of business located at 6246 W. 26th Street, Berwyn,
Illinois. Upon information and belief, Sava Liquor is qualified to transact business, and is
currently transacting business, in Illinois and in this district.

**Answer**:    Defendant lacks knowledge and information sufficient to form a
belief about the truth of the allegations contained in paragraph 10.  Therefore, defendant
denies paragraph 10 pursuant to Federal Rule of Civil Procedure 8(b)(5).

11.    Upon information and belief, Defendant Nikola Rakic (hereinafter "NR")
is an officer and director of Sava Liquor who resides at 1233 Aspen Lane, Addison,
Illinois. At all times relevant hereto, NR did authorize, direct, participate in, and was a
moving force behind the acts of Sava Liquor constituting unfair competition, deceptive
trade practices and infringement as described herein.

**Answer**:    Defendant lacks knowledge and information sufficient to form a
belief about the truth of the allegations contained in paragraph 11.  Therefore, defendant
denies paragraph 11 pursuant to Federal Rule of Civil Procedure 8(b)(5).

12.    Upon information and belief, Defendant V.A.M.D., Inc. is a corporation
organized under the laws of Illinois with its principal place of business located at 7035
W. Higgins Road, Chicago, Illinois. V.A.M.D., Inc. operates under the assumed name
Harczak's Sausage.   Upon information and belief, V.A.M.D., Inc. is qualified to transact
business, and is currently transacting business in Illinois and in this district.

**Answer**:    Defendant admits the allegations contained in paragraph 12.

13.    Upon information and belief, Defendant Vidan Lazic (hereinafter "VL") is
an officer and director of V.A.M.D., Inc. who resides at 4814 N. Ridgeway, 2nd Floor,
Chicago, Illinois. At all times relevant hereto, VL did authorize, direct, participate in and

was a moving force behind the act of V.A.M.D., Inc. constituting unfair competition, deceptive trade practices and infringements described herein.

**Answer**:    Defendant admits that Vidan Lazic is an officer of V.A.M.D., Inc., located at 4814 North Ridgeway.  Defendant denies the remaining allegations contained in paragraph 13.

### Jurisdiction and Venue

14.    This Court has exclusive subject matter jurisdiction over Plaintiffs federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b).  This Court has jurisdiction over Plaintiffs related common law and state claims under 28 U.S.C. § 1338 and the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367.

**Answer**:    Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 14.  Therefore, defendant denies paragraph 14 pursuant to Federal Rule of Civil Procedure 8(b)(5).

15.    Upon information and belief, all of the Defendants are and have in the past conducted business in Illinois, and in this Judicial District as discussed in more detail herein.  All of the Defendants maintain an office and regularly transact business in Illinois and in this district.  Requiring Defendants to respond to this action will not violate due process. Defendants are subject to the personal jurisdiction of this Court and are amenable to service of process pursuant to the Illinois long-arm statute, 735 ILCS 5/2-209 and Rules 4(e) and 4(h) of the Federal Rules of Civil Procedure.

**Answer**:    Defendant admits that V.A.M.D., Inc. d/b/a Harczak's Sausage is authorized to conduct business in the State of Illinois and that it regularly conducts

business in the State of Illinois and the Northern District of Illinois. Defendant denies the remaining allegations contained in paragraph 15.

16.    Venue is proper in this judicial district under 28 U.S.C. §1400(a) and 28 U.S.C. §1391 (b) and (c).

**Answer**:    Defendant admits that venue is proper in this district. Defendant denies the remaining allegations contained in paragraph 16.

### Plaintiff's Products

17.    Plaintiff re-alleges paragraphs 1 -16 as if fully stated herein.

**Answer**:    Defendant restates his answers to paragraphs 1 through 16 as his answer to paragraph 17, as though fully set forth herein.

18.    Plaintiff is, and at all relevant times was, engaged in selling and distributing audio and video products in the form of CDs, DVDs, cassettes and other media products (collectively -media products"). Among the media product Plaintiff sells and distributes are products recorded, produced and imported by the following companies and entities, which are hereinafter collectively referred to as "the Media Producers":

a. RTS-PGP (Radio Television of Serbia)
   Kneza Viseslava No. 86
   Belgrade
   Serbia


b. CITY RECORDS
   Neznanog junaka 1,
   Belgrade, Serbia

c. RENOME
   Loznicka 5
   Bijeljina
   Bosnia and Hercegovina

    d.  NP-MUSIC
        UL.DR.FETAHA BECIRSEGOVICA 25
        Sarajevo
        Bosnia and Hercegovina

    e.  HI-FI CENTAR DOO
        Laze Dokica 1
        Belgrade
        Serbia

    f.  NINA TRADE
        Gornjopoljska 2
        Surcin, Belgrae 11271
        Serbia

**Answer**:      Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 18. Therefore, defendant denies paragraph 18 pursuant to Federal Rule of Civil Procedure 8(b)(5).

19.    All of the above listed Media Producers are recording and media companies located in Serbia, Bosnia and the former Yugoslavia.

**Answer**:      Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 19. Therefore, defendant denies paragraph 19 pursuant to Federal Rule of Civil Procedure 8(b)(5).

20.    Plaintiff has contracted with each of the Media Producers to be the exclusive authorized distributor in the Untied States and Canada of media products imported by the Media Producers. Plaintiff has entered into Distribution Agreements with each of the Media Producers, has received the right to enforce and police unauthorized distributions thereunder within the United States and has expended monies in obtaining and maintaining such exclusive rights.

**Answer**:        Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 20.  Therefore, defendant denies paragraph 20 pursuant to Federal Rule of Civil Procedure 8(b)(5).

### Defendants' Activities

21.        Plaintiff re-alleges paragraphs 1 - 20 as if fully stated herein.

**Answer**:        Defendant restates his answers to paragraphs 1 through 20 as his answer to paragraph 21, as though fully set forth herein.

22.        Upon information and belief, each of the Defendants, and their respective officers, employees and agents, have in the past and presently continue to sell, offer for sale, distribute, and market counterfeit media products which resemble (but are not) the authentic media product of the Media Producers distributed by Plaintiff under exclusive license.  Upon information and belief, each of the Defendants manufactures, copies or employs third parties to manufacture or copy such counterfeit media products, with the specific intent, knowledge and effort that such counterfeit media products resemble the authentic medial products distributed by Plaintiff.

**Answer**:        Defendant denies the allegations contained in paragraph 22.

23.        The counterfeit media product sold by Defendants include media products copied on inferior quality media (CDs, DVDs, and cassettes) and bear inferior quality counterfeit labels, packaging, and indicia improperly and illegally associating the counterfeit media product with Plaintiff and the Media Producers when such products are in fact not so associated.

**Answer**:        Defendant denies the allegations contained in paragraph 23.

24.     Upon information and belief, each of the Defendants' counterfeiting activities is and was knowing and willful, and performed with a conscious disregard of Plaintiff's rights.

**Answer**:     Defendant denies the allegations contained in paragraph 24.

25.     Each Defendants' copying and counterfeiting activities occurred after Plaintiff commenced its authorized sales of the authentic media product, and has continued despite notice from Plaintiff and repeated demands that such counterfeit activities cease and desist.

**Answer**:     Defendant denies the allegations contained in paragraph 25.

26.     Neither Plaintiff nor any of the Media Producers have ever authorized or condoned use, copying, imitation or manufacture of the authentic media products.

**Answer**:     Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations contained in paragraph 26.  Therefore, defendant denies paragraph 26 pursuant to Federal Rule of Civil Procedure 8(b)(5).

27.     Defendants' counterfeit media product are confusingly similar to Plaintiff's authentic media product and have created confusion, mistake and deception in the market place as to the affiliation, connection or association of Defendants' goods with Plaintiff and the Media Producers.

**Answer**:     Defendant denies the allegations contained in paragraph 27.

## Count I: Violation of Section 1125(a) of the Lanham Act

28.    Plaintiff re-alleges paragraphs 1 - 27 as if fully stated herein.

**Answer**:    Defendant restates his answers to paragraphs 1 through 27 as his answer to paragraph 28, as though fully set forth herein.

29.    Plaintiff hereby alleges that the acts attributable to the Defendants and described herein constitute federal unfair competition in violation of Section 1125(a) of the Lanham Act 15 U.S.C. § 1125(a).

**Answer**:    Defendant denies the allegations contained in paragraph 29.

30.    Defendants' sale, distribution, and offering for sale counterfeit media product constitutes a false designation of origin, description and representation in interstate commerce, in violation of Plaintiffs rights in distributing authentic media product. Defendants' counterfeit media product wrongfully and falsely designate, describe or represent Plaintiff's goods, causing confusion, mistake and deception as to the affiliation, connection, or association of Defendants' counterfeit media product with Plaintiff and/or the Media Producers, or as to the sponsorship or approval of said goods by Plaintiff and or the Media Producers.

**Answer**:    Defendant denies the allegations contained in paragraph 30.

## Count II: Common Law Unfair Competition

31.    Plaintiff re-alleges paragraphs 1 - 30 as if fully stated herein.

**Answer**:    Defendant restates his answers to paragraphs 1 through 30 as his answer to paragraph 31, as though fully set forth herein.

32.     Plaintiff hereby alleges that the acts attributable to the Defendants and described herein constitute Illinois state common law unfair competition.

**Answer**:     Defendant denies the allegations contained in paragraph 32.

33.     As a result of their actions as pleaded herein, Defendants have misappropriated valuable property rights of Plaintiff, are trading on the goodwill symbolized by Plaintiff's authorized media products, are likely to cause and continue to cause confusion and to deceive members of the relevant public. By virtue of the aforementioned acts, Defendants engaged in unfair competition with respect to Plaintiff in violation of the common law of unfair competition of the State of Illinois.

**Answer**:     Defendant denies the allegations contained in paragraph 33.

### Count III:  Illinois Uniform Deceptive Trade Practices Act

34.     Plaintiff re-alleges paragraphs 1 - 33 as if fully stated herein.

**Answer**:     Defendant restates his answers to paragraphs 1 through 33 as his answer to paragraph 34, as though fully set forth herein.

35.     Plaintiff hereby alleges violation of the Illinois Uniform Deceptive Trade Practices Act, 815lLCS 510/1 et seq.

**Answer**:     Defendant denies the allegations contained in paragraph 35.

36.     Defendants' aforesaid business and counterfeiting activities caused a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, affiliation or connection of Defendants' counterfeit media products inasmuch as they give rise to the incorrect belief that Defendants' counterfeit media product have some connection with Plaintiff and or the Media Producers, in violation of the Illinois Uniform Deceptive Trade Practices Act, 8151LCS 510/2.

**Answer**:        Defendant denies the allegations contained in paragraph 36.

**Count IV: Illinois Consumer Fraud and Deceptive Trade Practices Act**

37.     Plaintiff re-alleges paragraphs 1 - 36 as if fully stated herein.

**Answer**:        Defendant restates his answers to paragraphs 1 through 36 as his answer to paragraph 37, as though fully set forth herein.

38.     Plaintiff hereby alleges violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act, 8151LCS 505/1 et. seq.

**Answer**:        Defendant denies the allegations contained in paragraph 38.

39.     The aforesaid conduct by Defendants implicates consumer protection concerns, including inter alia, by deceiving consumers and other members of the public, including people who might otherwise consider doing business with and making purchases of authentic products from Plaintiff.

**Answer**:        Defendant denies the allegations contained in paragraph 39.

40.     Such deceptive conduct constitutes violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

**Answer**:        Defendant denies the allegations contained in paragraph 40.

41.     Pursuant to 815 ILCS 505/10a and /10c, Plaintiff is entitled to recover actual damages as well as costs and attorneys' fees.

**Answer**:        Defendant denies the allegations contained in paragraph 41.

42.    The conduct of Defendants complained of herein is outrageous and such acts, upon information and belief, were performed with malice, evil motive, or reckless indifference toward rights of Plaintiff, consumers, and others. As a direct result thereof, Plaintiff is entitled to an award of punitive damages pursuant to the Consumer Fraud and Deceptive Business Practice Act, 815 ILCS 505/2.

**Answer**:        Defendant denies the allegations contained in paragraph 42.

43.    Pursuant to 815 ILCS 510/3 Plaintiff is entitled to injunctive relief against Defendants to enjoin present and future deceptive conduct as well as for an award of Plaintiffs costs and attorneys' fees.

**Answer**:        Defendant denies the allegations contained in paragraph 43.

44.    Defendants' aforesaid business and counterfeiting activities cause a likelihood of confusion or misunderstanding as to the source, sponsorship, approval. affiliation or connection of Defendants' counterfeit media product in as much as they give rise to the incorrect belief that Defendants' counterfeit media product have some connection with Plaintiff and/or the Media Producers, in violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act 815 ILCS 505/1.

**Answer**:        Defendant denies the allegations contained in paragraph 44.

WHEREFORE, Defendant, VIDAN LAZIC, denies that Plaintiff is entitled to judgment or relief in any amount whatsoever, and specifically denies that Plaintiff is entitled to the relief sought in paragraphs 1 through 8 of the *ad damnum* to the Complaint.

**Jury Demand**

Defendant, VIDAN LAZIC, demands a trial by jury on all issues so triable.

Respectfully submitted,

**VIDAN LAZIC**

By:    /s/  Christian A. Sullivan_____
       One of his Attorneys

David J. Cahill
Christian A. Sullivan
**SWANSON, MARTIN & BELL, LLP**
2525 Cabot Drive, Suite 204
Lisle, Illinois 60532
p.  630-799-6900
f.  630-799-6901
Attorney No. 6278557